IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBIN A. MATTHEWS,                )
                                  )
            Plaintiff,            )
                                  )
    v.                            )   1:10CV371
                                  )
CAROLYN W. COLVIN,[1]             )
Commissioner of Social Security,  )
                                  )
            Defendant.            )

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Robin Matthews, brought this action pursuant to Section 1631(c)(3) of the Social Security Act (the "Act"), as amended (42 U.S.C. § 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for Supplemental Security Income under Title XVI of the Act. The parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

I.   PROCEDURAL HISTORY

Plaintiff protectively filed her application for Supplemental Security Income Benefits ("SSI") on February 10, 2006, alleging a disability onset date of September 1, 2005. (Tr. at 11,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

85-90.)² Her applications were denied initially (Tr. at 45) and upon reconsideration (Tr. at 46). Thereafter, Plaintiff requested a hearing de novo before an Administrative Law Judge ("ALJ"). (Tr. at 61.) Plaintiff, along with her attorney and a vocational expert ("VE"), attended the subsequent hearing on October 18, 2007. (Tr. at 11.) The ALJ ultimately determined that Plaintiff was not disabled within the meaning of the Act (Tr. at 18) and, on March 20, 2010, the Appeals Council denied Plaintiff's request for review of the decision, thereby making the ALJ's conclusion the Commissioner's final decision for purposes of judicial review (Tr. at 1-4).

In rendering his disability determination, the ALJ made the following findings later adopted by the Commissioner:

> 1. The claimant has not engaged in substantial gainful activity since February 10, 2006, the application date. (20 CFR 416.920(b) and 416.971 *et seq.*)
>
> 2. The claimant has the following severe impairments: history of alcohol abuse with pancreatitis; polyarthralgias; and diabetes (20 CFR 416.920(c)).
> . . . .
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work.

(Tr. at 13, 16-17.)

The ALJ further determined that Plaintiff's past relevant work as an administrative clerk, customer service representative, and telephone solicitor were not precluded by the above RFC.

---

² Transcript citations refer to the Administrative Transcript of Record filed manually with the Commissioner's Answer [Doc. #8].

Accordingly, he found that Plaintiff was not under a "disability," as defined in the Act, from her alleged onset date through the date of the decision. (Tr. at 18.)

II.     LEGAL STANDARD

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). However, the scope of review of such a decision is "extremely limited." Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case de novo." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). Instead, "a reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation omitted).

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1993) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (internal citations and quotation marks omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Hunter, 993 F.2d at 34 (internal quotation marks omitted).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]." Mastro, 270 F.3d at 176 (internal brackets and quotation marks omitted). "Where

3

conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Hancock, 667 F.3d at 472. "The issue before [the reviewing court], therefore, is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

In undertaking this limited review, the Court notes that "[a] claimant for disability benefits bears the burden of proving a disability." Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). In this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" Id. (quoting 42 U.S.C. § 423(d)(1)(A)).[3]

"The Commissioner uses a five-step process to evaluate disability claims." Hancock, 667 F.3d at 472 (citing 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4)). "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." Id.

---

[3] "The Social Security Act comprises two disability benefits programs. The Social Security Disability Insurance Program (SSDI), established by Title II of the Act as amended, 42 U.S.C. § 401 et seq., provides benefits to disabled persons who have contributed to the program while employed. The Supplemental Security Income Program (SSI), established by Title XVI of the Act as amended, 42 U.S.C. § 1381 et seq., provides benefits to indigent disabled persons. The statutory definitions and the regulations promulgated by the Secretary for determining disability, see 20 C.F.R. pt. 404 (SSDI); 20 C.F.R. pt. 416 (SSI), governing these two programs are, in all aspects relevant here, substantively identical. " Craig, 76 F.3d at 589 n.1.

A finding adverse to the claimant at any of several points in this five-step sequence forecloses a disability designation and ends the inquiry. For example, "[t]he first step determines whether the claimant is engaged in 'substantial gainful activity.' If the claimant is working, benefits are denied. The second step determines if the claimant is 'severely' disabled. If not, benefits are denied." Bennett v. Sullivan, 917 F.2d 157, 159 (4th Cir. 1990).

On the other hand, if a claimant carries his or her burden at the first two steps, and if the claimant's impairment meets or equals a "listed impairment" at step three, "the claimant is disabled." Mastro, 270 F.3d at 177. Alternatively, if a claimant clears steps one and two, but falters at step three, i.e., "[i]f a claimant's impairment is not sufficiently severe to equal or exceed a listed impairment," then "the ALJ must assess the claimant's residual functional capacity ('RFC')." Id. at 179.[4] Step four then requires the ALJ to assess whether, based on that RFC, the claimant can "perform past relevant work"; if so, the claimant does not qualify as disabled. Id. at 179-80. However, if the claimant establishes an inability to return to prior work, the analysis proceeds to the fifth step, which "requires the [Government] to prove that a significant number of jobs exist which the claimant could perform, despite the claimant's impairments." Hines, 453 F.3d at 563. In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's] vocational

---

[4] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines, 453 F.3d at 562 (noting that administrative regulations require RFC to reflect claimant's "ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . [which] means 8 hours a day, for 5 days a week, or an equivalent work schedule" (internal emphasis and quotation marks omitted)). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall, 658 F.2d at 265. "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (*e.g.*, pain)." Hines, 453 F.3d at 562-63.

5

capabilities (age, education, and past work experience) to adjust to a new job." Hall, 658 F.2d at 264-65. If, at this step, the Government cannot carry its "evidentiary burden of proving that [the claimant] remains able to work other jobs available in the community," the claimant qualifies as disabled. Hines, 453 F.3d at 567.[5]

III. DISCUSSION

In the present case, the ALJ found that Plaintiff had not engaged in "substantial gainful activity" since her application date. She therefore met her burden at step one of the sequential evaluation process. At step two, the ALJ further determined that Plaintiff suffered from the following severe impairments: a history of alcohol abuse with pancreatitis, polyarthralgias, and diabetes. (Tr. at 13.) The ALJ found at step three that none of these impairments met or equaled a disability listing. Accordingly, he assessed Plaintiff's RFC and determined that Plaintiff could perform the full range of sedentary work as defined in 20 C.F.R. § 416.967(a). At step four of the analysis, the ALJ concluded that Plaintiff was not under a disability as defined by the Act because her past relevant work did not require the performance of activities precluded by her RFC.

Plaintiff argues that the ALJ erred in failing to (1) evaluate medical opinions regarding Plaintiff's condition in accordance with 20 C.F.R. § 416.927(c), and (2) evaluate her past relevant work as required by Social Security Ruling ("SSR") 82-62. She therefore contends that substantial evidence fails to support the ALJ's RFC assessment and step four determination.

---

[5] A claimant thus can qualify as disabled via two paths through the five-step sequential evaluation process. The first path requires resolution of the questions at steps one, two, and three in the claimant's favor, whereas, on the second path, the claimant must prevail at steps one, two, four, and five.

(See Pl.'s Br. [Doc. #12] at 2-3.) As further set out below, the Court finds that Plaintiff's contention as to her past relevant work has merit, and that the ALJ's failure to cite any evidence or provide sufficient explanation at step four warrants remand.

    A.    Past Relevant Work

"[U]nder the fourth step of the disability inquiry, a claimant will be found 'not disabled' if he is capable of performing his past relevant work either as he performed it in the past *or* as it is generally required by employers in the national economy." Pass v. Chater, 65 F.3d 1200, 1207 (4th Cir. 1995) (citing SSR 82–61); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir.1990) ("The two tests [in SSR 82–61] are clearly meant to be disjunctive. If the claimant is found to satisfy either test, then a finding of not disabled is appropriate."). Thus, in undertaking the evaluation at step four, the ALJ may consider whether the plaintiff can perform her past relevant work as she actually performed it, <u>or</u> whether the plaintiff can perform her past relevant work as generally performed in the national economy.

Social Security Rulings and Regulations provide that, "[i]n finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:

1. A finding of fact as to the individual's RFC.
2. A finding of fact as to the physical and mental demands of the past job/occupation.
3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

Social Security Ruling 82-62; <u>see also</u> 20 C.F.R. 416.920(e); Alderman v. Barnhart, 297 F. Supp. 2d 876, 879 (W.D. Va. 2003) ("[I]n finding that an individual has the capacity to perform

7

a past relevant job, the [ALJ's] decision must include a specific 'finding of fact as to the physical and mental demands of the past job'" as well as analysis of whether that individual's RFC would impact her ability to perform such a job).

In the present case, the ALJ concluded that Plaintiff "is capable of performing past relevant work as an administrative clerk, customer service representative, and telephone solicitor." He further concluded that "[t]his work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." The entire rationale for this conclusion, as set out in the ALJ's decision, is as follows:

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed.

(Tr. at 18.) However, the decision is completely void of any further analysis, including any inquiry or finding regarding the physical and mental demands of Plaintiff's past relevant work or identification of such work by Dictionary of Occupational Title ("DOT") code. Plaintiff notes that "[m]ultiple DOT job titles exist for the positions of administrative clerk, customer service representative[,] and/or telephone solicitor[,] and these positions are described as being performed at both the light and sedentary levels." (Pl.'s Br. at 12.) In addition, "these positions are variously classified as either skilled or semi-skilled work." (Id.) Accordingly, Plaintiff argues that substantial evidence fails to support the ALJ's finding at step four.

In considering these contentions, the Court notes that "[t]he ALJ has an obligation to develop a full and fair record." McCrea v. Astrue, 407 F. App'x 394, 397 (11th Cir. 2011) (citing Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997)). In addition, the ALJ "has a duty to

make the requisite factual findings to support his conclusion." Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001) (citing SSR 82-62; 20 C.F.R. §§ 416.971, 416.974, and 416.965.) Here, the ALJ unarguably failed to discuss either the mental or physical demands of Plaintiff's past work or how her RFC may or may not impact her ability to perform such demands. Thus, to the extent the ALJ concluded that Plaintiff could perform her prior positions "as actually" performed, there is no evidence cited or relied upon to support this conclusion.[6] See Boler v. Colvin, No. 1:10-CV-451, 2013 WL 5423647 (M.D.N.C. Sept. 26, 2013) ("[A]n ALJ must rely on at least one of the following two sources to 'define a [plaintiff's] past relevant work as actually performed: a properly completed vocational report, SSR 82–61, and the claimant's own testimony, SSR 82–41.'" (quoting Pinto, 249 F.3d at 845)).

Moreover, it is not clear whether the ALJ separately concluded that Plaintiff could perform her prior positions as "generally performed," nor is there any indication of evidence the ALJ relied upon to reach this determination. There was no Vocational Expert testimony, no specification of any DOT listings, and no finding regarding Plaintiff's prior positions to determine which DOT listings could potentially apply. Of the DOT listings that could apply, many are beyond Plaintiff's RFC. Indeed, Defendant concedes that "Plaintiff's contention is partially correct" and that

---

[6] Plaintiff's disability and earnings reports indicate that she worked just 18 hours per week for Telefund, Inc. from 2004 until June 15, 2005, when she stopped working due to chronic pain. (See Tr. at 92, 95, 103-04, 113-14.) The ALJ's decision does not address Plaintiff's contention that she was unable to continue her job at Telefund, even on a part-time basis, due to pain. Cf. Harris v. Sec., Dept. of Health and Human Servs., 866 F.2d 1415 (4th Cir. 1989) (Table)(remanding in light of ALJ's failure to address claimant's testimony regarding his inability to perform past relevant work).

9

> there are indeed several customer service representative occupations listed in the DOT and some of these are categorized as light in their demands and others are categorized as sedentary. Accordingly, on the present record, given the ALJ's lack of specificity, the Commissioner must agree that it is not clear which of these particular occupational titles most closely correspond[s] to the work Plaintiff previously performed. Moreover, while there is only one occupation listed under the specific title of "administrative clerk" (DOT 219.362-010), this job is categorized as typically light in its demands and thus (without further development) cannot be relied upon to uphold the ALJ's decision.

(Def's Br. [Doc. #15] at 3-4.) Because many jobs within a broad occupational classification may involve "quite different functional demands," Social Security Ruling 82-61 notes that consideration of "[w]hether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job" is "likely to be fallacious and unsupportable." Despite these problems, Defendant maintains that "the DOT description of the job of telephone solicitor is sufficiently clear to show how such occupation is normally performed in the national economy." (Def.'s Br. at 5.) Defendant argues that the DOT contains just one listing for the occupation of telephone solicitor (DOT 299.357-014), and, because it is classified as typically sedentary in its demand, such work does not exceed Plaintiff's RFC. (See Def.'s Br. at 4.) However, the ALJ did not reference the DOT at all, let alone identify the DOT code he felt adequately encompassed Plaintiff's past work at Telefund, Inc. Even more importantly, the ALJ did not make any findings regarding Plaintiff's prior positions to justify use of a particular DOT listing. See Parsons v. Apfel, 101 F. Supp. 2d 357 (D. Md. 2000) (remanding where "the ALJ's generalized reliance on the DOT and lack of discussion of the nature of [the plaintiff's] past relevant work leads this Court to conclude that the ALJ's disability decision at step four is not supported by substantial evidence."); Burnett v. Comm'r

10

of Soc. Sec., 220 F.3d 112, 124 (3d Cir. 2000) ("[T]he DOT can only be used to supplement or corroborate evidence adduced from the claimant." (citing S.S.R. 82-62)).[7] Finally, as noted above, it is not clear that the ALJ even made a separate determination that Plaintiff could perform the work as "generally performed" rather than "as actually" performed.

In similar situations, other courts have concluded that remand is appropriate. See Wiggins v. Colvin, No. 1:12CV196, 2014 WL 184414 (W.D.N.C. Jan. 15, 2014) (remanding for clarification on whether the plaintiff could perform her past relevant work, where the ALJ found that the plaintiff could perform her past relevant work "as actually and generally performed," and substantial evidence supported only one of those findings); Boler v. Colvin, No. 1:10CV451, 2013 WL 5423647 (M.D.N.C. Sept. 26, 2013) (concluding that "remand is necessary to that substantial, unambiguous findings of fact may be made as to . . . the physical and mental demands of [the plaintiff's] past relevant work"); Timmons v. Colvin, No. 3:12CV609, 2013 WL 4775131 (W.D.N.C. Sept. 5, 2013) ("In sum, although it may well be that Plaintiff will be unable to meet her burden of proving she is disabled from all work, the court is constrained to conclude that the ALJ did not sufficiently develop the factual record at step four of the analysis under the dictates of SSR 82–62 to allow meaningful judicial review." (internal quotations omitted)); Breeden v. Astrue, 2013 WL 865977 (W.D. Va. March 7, 2013) (remanding where "it is impossible for the court to determine, on this record, whether the ALJ appropriately applied the third test set forth in SSR 82–61 (whether plaintiff retains the capacity to perform the functional

---

[7] The Court also notes that Defendant's contentions run the risk of attempting to "create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005) (citing SEC v. Chenery Corp., 318 U.S. 80, 87–88, 63 S. Ct. 454, 87 L. Ed. 626 (1943)).

11

demands of the job as generally required by employers), as the Commissioner argues, or whether he employed the first test (whether plaintiff retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job), the latter of which is 'fallacious and unsupportable.' SSR 82–61. At the end of the day, there is simply not enough evidence to allow the court to engage in any type of meaningful judicial review of the ALJ's step four determination.").

In the present case, given the ambiguity as to the basis for the ALJ's conclusion at step four and the lack of any fact finding on these issues, the Court cannot adequately review the administrative determination. Therefore, remand is necessary to allow the ALJ to make the requisite findings regarding the physical and mental demands of Plaintiff's past relevant work and to specify whether Plaintiff can perform her past relevant work "as actually" performed, based on evidence of the physical and mental demands of the past work, or whether Plaintiff can perform her past relevent work as "generally performed," based on a particular DOT listing or Vocational Expert testimony, as appropriate.[8]

IT IS THEREFORE RECOMMENDED that the Commissioner's decision finding no disability be REVERSED, and that the matter be REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner should be directed to remand the matter to the ALJ for further consideration of Plaintiff's ability to return to her past relevant work. To this extent, Defendant's Motion for Judgment on the Pleadings [Doc. #14] should

---

[8] In light of this determination, the Court need not reach the other issues raised by Plaintiff. The Court notes that to the extent Plaintiff contends that evidence from Plaintiff's treating physician was submitted but not considered, or that inconsistencies in the record were not resolved in formulating Plaintiff's residual functional capacity, those issues can be further addressed on remand.

be DENIED, and Plaintiff's Motion for Summary Judgment [Doc. #11] should be GRANTED. To the extent that Plaintiff's Motion for Judgment Pursuant to Rule 7(b)(1) [Doc. #10] duplicates the relief sought in Plaintiff's Summary Judgment motion, this recommendation renders such motion MOOT. Additionally, to the extent that either of Plaintiff's motions seek an immediate award of benefits, they should be DENIED.

This, the 5th day of February, 2014.

/s/ Joi Elizabeth Peake<br>United States Magistrate Judge